**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED PENTECOSTAL CHURCH a/k/a THE ROCK CHURCH OF LAKE JACKSON** | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CASE NO. 3:22-cv-00322** |
| **STATE FARM LLOYDS** | § § | |
| *Defendant.* | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, United Pentecostal Church a/k/a The Rock Church of Lake Jackson, (hereinafter referred to as "Plaintiff") by and through its attorneys of record, and files this First Amended Complaint for Damages caused by State Farm Lloyds, (hereinafter referred to as "Defendant"). In support of such claims and causes of action, Plaintiff would respectfully show this Honorable Court as follows:

## INTRODUCTION

1.      Plaintiff's Property sustained severe and increasing loss as a result of a covered weather-related event that occurred on February 16, 2021. In the aftermath, Plaintiff relied on its insurance company to help it recover and rebuild with respect to Policy number 906354359. (See Exhibit 1). However, contrary to Defendant's representations to Plaintiff, Defendant improperly adjusted Plaintiff's claim number 53-16P0-80V. Plaintiff has therefore not received the coverage it purchased and is now required to take legal action to ensure it gets what is owed.

## PARTIES

2.      Plaintiff, United Pentecostal Church a/k/a The Rock Church of Lake Jackson, is a nonprofit corporation formed in the State of Texas. Plaintiff owns the Property located at 540 S. Main Street, Clute, Texas 77531-1148 (hereinafter referred to as the "Property").

3.      Defendant, State Farm Lloyds is headquartered at 1251 State Street, Suite 1000, Richardson, Texas 75082 and may be served with process by serving the Defendant's registered agent for service, Corporation Service Company located at 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4.      This action was removed by Defendant, based on allegations that diversity jurisdiction exists under 28 U.S.C. § 1332.

5.      Venue is proper in this district and division, pursuant to 28 U.S.C. § 1441(a) since this district and division encompass the state court from which this action was removed.

## FACTUAL BACKGROUND

6.      Plaintiff and Defendant entered into an insurance agreement governed by the terms of the insurance policy bearing number 906354359, wherein Defendant, in exchange for a yearly premium, agreed to provide coverage for all damages that were not excluded in the insurance agreement.

7.      Plaintiff's Property sustained severe and increasing loss as a result of a covered weather-related event, namely Winter Storm Uri, which occurred on or about February 16, 2021.

8.      Plaintiff notified Defendant of the claim shortly after the event at issue. Defendant subsequently opened claim number 53-16P0-80V.

9.      As a result of the covered weather-related event specified above, Plaintiff's Property sustained severe interior damage, including but not limited to the foyer, sanctuary, hallway, 3 bathrooms, offices, and the Sunday School rooms.

10.     Plaintiff retained Branson Remodeling & Construction to inspect the Property and prepare an estimate based on the inspection. On or about April 8, 2021, Branson Remodeling & Construction issued an estimate totaling $64,343.91.

11.     Defendant issued a letter to Plaintiff on or about May 1, 2021, stating that it had reviewed the estimate provided by Branson Remodeling & Construction and could not approve the inclusion of certain items within the estimate.

12.     Plaintiff subsequently retained Blue Ink Public Adjusters on August 3, 2021, to represent it in the adjustment and negotiation of its insurance claim for the damages caused by the weather-related event at issue.

13.      On or about July 13, 2021, Blue Ink Public Adjusters issued an estimate totaling $218,373.74.

14.     On or about March 26, 2022, Defendant issued an underquoted estimate for the repair of the damaged Property totaling $45,842.25. As of the date of the filing of this lawsuit, there remains a dispute between Plaintiff and Defendant.

15.     Plaintiff made a timely and complete claim, and cooperated in every aspect of same, yet this claim has been unfairly and unjustifiably delayed. This delay has now compounded the loss at the Property, all of which stands in stark contrast to the representations made to Plaintiff by its carrier when it purchased the policy.

16.     Defendant has a contractual obligation to pay the full amount of the covered loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

3

17.    As a result of Defendant's failure to adequately investigate Plaintiff's covered loss and failure to pay for all of the damages as required by its own insurance Policy, Plaintiff had no choice but to hire its own professionals, incurring costs and expenses associated with proper evaluation and investigation of Plaintiff's covered loss.

18.    The significant effect of Defendant's wrongful and unjustified delays and refusal to tender due and owing Policy proceeds and benefits is that Plaintiff detrimentally relied upon the contract of insurance it entered into with Defendant and remains without the benefit of the bargain.

19.    As a result of Defendant's failure to honor its obligations and duties under the Policy, Plaintiff was forced to retain the services of legal counsel to protect its rights and remedies under the Policy and as an insured.

## CLAIMS AGAINST DEFENDANT

20.    All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such was done with Defendant's full authorization or ratification and was completed in the normal and routine course and scope of employment with Defendant.

## BREACH OF CONTRACT

21.    Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Texas and hereby incorporates by reference the allegations of paragraphs 1 through 20 above as though fully stated herein.

22.    Defendant sold, in exchange for valuable consideration, the Policy, whereby Defendant agreed to insure, *inter alia*, the Property owned by Plaintiff.

23.    Plaintiff fulfilled all of its obligations under the Policy, including the payment of certain premiums to secure insurance on its dwelling and personal Property.

24.     Defendant's refusal to pay the full value of the damages to the Property constitutes a breach of contract.

25.     Due to Defendant's breach of the Policy at issue, Plaintiff has sustained damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel, and further has been damaged by a sum to be determined at trial and final judgment.

26.     Plaintiff's damages include, without limitation, actual damages, interest, and consequential damages, including without limitation, attorney's fees, costs, resulting damages from required remediation, and other foreseeable costs and expenses as a result of Defendant's breach of contract.

27.     The contract at issue outlined obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff paying policy premiums for its insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage.

28.     Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon its discovery, as required by the insurance contract with Defendant.

29.     In direct contrast, Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Plaintiff. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiff has yet to receive full compensation for its covered damages as required by the insurance contract purchased.

## BREACH OF THE COMMON LAW DUTY OF
## GOOD FAITH AND FAIR DEALING

30.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 29 above as though fully stated herein.

31.     There is an implied covenant of good faith and fair dealing in the insurance contract between Defendant and Plaintiff.

32.     Defendant had no reasonable basis for denying the benefits of the insurance Policy, and Defendant knew of or recklessly disregarded, the lack of a reasonable basis.

33.     Defendant's reckless indifference to the facts or to the law can be inferred and imputed from its actions; specifically, Defendant unreasonably ignored Plaintiff's arguments and facts favoring replacement of the damaged Property.

34.     Defendant has, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of Plaintiff's insurance claim.

35.     Defendant's reckless indifference to the facts, evidence, and proof submitted by Plaintiff amount to a breach of Defendant's fiduciary responsibility for good faith and fair dealing with Plaintiff, the insured.

36.     As a direct and proximate result of Defendant's bad faith and/or its unfair Property and casualty settlement practices, Plaintiff has sustained compensatory damages, consequential damages, pre-and post-judgment interest, attorney's fees, engineer's fees, costs, and expenses.

## VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

37.     Plaintiff incorporates by reference all facts and circumstances set forth within the above paragraphs.

38.     Defendant's actions constitute certain violations of Chapter 542 of the Texas Insurance Code, as Plaintiff remains unpaid since the underlying covered weather event occurred.

39.     Defendant violated Section 542.058 of Chapter 542 of the Texas Insurance Code, in failing to adhere to the statutorily prescribed deadlines in the handling, adjustment, and payment of

insurance claims. Defendant has possessed all necessary information to pay this claim which is objectively deficient.

40.    As a result of the above-referenced violations and acts committed by Defendant, and in accordance with Section 542.060 of the Texas Insurance Code, Defendant is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on said amount as damages. The same is to be calculated each year, at the rate determined on the date of judgment under governing Texas law. Plaintiff is further entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

41.    As a result of Defendant's Texas Insurance Code violations, Plaintiff has also been forced to retain the legal services of the undersigned attorneys to protect and pursue the current claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorney's fees as permitted under governing Texas law, as well as any other such damages to which Plaintiff may be justly entitled.

## DAMAGES

42.    Defendant's conduct has been the producing or proximate cause of damage to Plaintiff and Plaintiff, therefore, seeks an amount in the excess of the minimal jurisdictional limits of this Court.

43.    Plaintiff is clearly entitled to statutory penalty interest damages, attorney's fees, and cost of court, as allowed under Section 542 of the Texas Insurance Code.

## JURY DEMAND

44.    A jury trial has been requested and any requisite has been tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it be awarded actual damages in excess of the minimum jurisdictional limits of this Court, pre-and post-judgment

interest as allowed by law, costs of suit, all such additional relief specified within this First

Amended Complaint, and for all such other relief, at law or in equity, to which Plaintiff may be

justly entitled.

Respectfully submitted,

By: /s/ *Jacob S. Langley*
 **JACOB S. LANGLEY**
 Southern District of Texas Federal ID No.
 3803558
 3009 Post Oak Blvd., Suite 1700
 Houston, Texas 77056
 (713) 350-3529 – Telephone
 (713) 350-3607 – Facsimile
 jlangley@zmflaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing First Amended Complaint was served via the Court's CM/ECF electronic filing system on Friday, December 16, 2022, upon the following:

Dale M. "Rett" Holidy
Rachel Crutchfield
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019

**ATTORNEYS FOR DEFENDANT**

 */s/Jacob S. Langley*
 Jacob S. Langley